O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNICOLORS, INC., <br><br>  Plaintiff, <br>  v. <br> MANGEL STORES CORP.; SUSIE'S DEALS; RAINBOW SHOPS, INC.; CITI TRENDS, INC.; DOES 1–10, inclusive, <br><br>  Defendants. | Case No. 2:13-cv-06152-ODW(FFMx) <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [19]** |

## I.   INTRODUCTION

Plaintiff Unicolors, Inc. alleges that Defendant Susie's Deals infringed Unicolor's copyrighted GT 1058 fabric pattern. Despite being duly served, Susie's Deals has failed to answer or otherwise respond to the Complaint. The Clerk entered default, and Unicolors moved for default judgment. The Court finds that the accused pattern and GT 1058 are substantially similar sufficient to constitute copyright infringement and thus **GRANTS** Unicolor's Motion for Default Judgment.[1]

## II.   FACTUAL BACKGROUND

Unicolors is a California corporation and textile converter that has compiled a library of copyrighted textile patterns. (Nader Decl. ¶¶ 3–4.) One of the copyrights

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Unicolors owns is a textile pattern internally titled GT 1058.  (*Id.* ¶ 7; *see also* Ex. 2.)  On October 27, 2009, Unicolors received United States Copyright Office Certificate of Registration number VA 1-712-891 for GT 1058.  (*Id.* Ex. 1.)

Unicolors believes that Susie's Deals is a garment retailer incorporated in California. (Compl. ¶ 6.)  At some point, Unicolors discovered that Susie's Deals was selling garments with a design similar to that of GT 1058 (the "accused pattern"). (Nader Decl. ¶ 8.)  Unicolors also alleges that Susie's Deals created, sold, manufactured, caused to be manufactured, imported, and distributed fabric infringing upon Unicolors's GT 1058 registered copyright.  (Compl. ¶ 15.)  Unicolors purchased at least one shirt from Susie's Deals with the accused pattern on April 30, 2012.  (Nader Decl. Ex. 2.)  Unicolors has not licensed GT 1058 to Susie's Deals.  (*Id.* ¶ 9.)  Due to Susie's Deal's failure to participate in the litigation, Unicolors does not know from where the alleged infringing products originated.  (*Id.* ¶ 9.)

On August 21, 2013, Unicolors filed suit against, among others, Susie's Deals, alleging claims for direct and vicarious or contributory copyright infringement of GT 1058. (ECF No. 1.)  Unicolors served Susie's Deals on September 6, 2013. (ECF No. 8.)  On October 28, 2013, the Clerk of Court entered default against Susie's Deals.  (ECF No. 13.)  Unicolors then moved for default judgment.  As of the date of this Order, the Court has received no answer or other response from Susie's Deals.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a).  Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active servicemember; and (4) that the defaulting party was properly served with notice.

A district court has discretion whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon default, the defendant's liability

generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors, including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

### A. Notice

Unicolors served Susie's Deals with process on September 6, 2013, in the manner prescribed in California Code of Civil Procedure section 415.20. That section provides that a summons may be served by leaving the summons at a party's office with someone apparently in charge and then thereafter mailing a copy of the summons via first-class mail. Unicolors's process server left the summons with a woman apparently in charge at Susie's Deals on September 6, 2013, and then mailed a copy of the summons on September 10, 2013. The Court therefore finds that Unicolors complied with Code of Civil Procedure section 415.20.

### B. Copyright-infringement liability

Unicolors first alleges that Susie's Deals committed direct infringement of Unicolor's GT 1058 registered copyright. To state a copyright-infringement claim, the plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co. Inc.*, 499 U.S. 340, 361 (1991).

/ / /

Unicolors alleges that "it is apparent that that the elements, composition, color variations, arrangement, layout, and appearance" of GT 1058 and the accused pattern are substantially similar. (Compl. ¶ 16.) Unicolors also alleges that Susie's Deals had access to GT 1058 via Unicolors's showroom and design library, illegally distributed copies of GT 1058, legitimate copies of GT 1058 in the marketplace, and Unicolors's strike-offs and samples. (*Id.* ¶ 23.) Further, Unicolors contends that Susie's Deals committed contributory and vicarious infringement by inducing, participating in, aiding and abetting, and profiting from the illegal production and distribution of products infringing upon GT 1058 and having the right and ability to supervise infringing conduct. (*Id.* ¶¶ 31–32.)

The Court finds that Unicolors has a valid, registered copyright in GT 1058. First, a copyright registration is prima facie evidence of a valid copyright. 17 U.S.C. § 411(b)(1). Unicolors submitted its copyright registration for GT 1058, which the United States Copyright Office granted on October 27, 2009. (Nader Decl. Ex. 1.)

Second, GT 1058 appears to portray copyrightable subject matter. While clothes themselves are functional and thus not subject to copyright, fabric designs are considered "writings" and thus copyrightable under 17 U.S.C. § 102(a). *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995). Unicolors has not claimed a copyright in any particular garment or other functional item but rather in GT 1058's two-dimensional pattern. Further, while Unicolors's does not and cannot own a copyright in GT 1058's colors or geometric elements themselves, 37 C.F.R. § 202.1(a), it does have a copyright in the way its author has "selected, coordinated, and arranged" the colors, shapes, and GT 1058's other design elements. *See Knitwaves*, 71 F.3d at 1004 (holding that a valid fabric copyright covers more than just the "specific pattern" of work).

When a plaintiff does not have direct evidence of copying, the plaintiff must establish both the defendant's access to the copyrighted work and substantial similarity between the registered and accused works. *Funky Films, Inc. v. Time*

*Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006).  At this default-judgment stage, Unicolors's allegations that Susie's Deals had access to GT 1058 via several legitimate and illegal avenues suffice to establish the access element.  *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846–47 (9th Cir. 2012) (noting that the plaintiff must allege access either through a chain of events linking the two works or widespread dissemination of plaintiff's work); (Compl. ¶ 23).

In assessing substantial similarity, the Ninth Circuit employs a two-part test.  *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).  The plaintiff must show a substantial similarity of the work's "general ideas" under the extrinsic test and substantial similarity of the "protectable expression" under the intrinsic test.  *Id.*  The Court finds that Susie's Deal's unlicensed sale or other distribution of the accused pattern satisfies both elements.

The extrinsic test entails "an objective comparison of specific expressive elements."  *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).  A court must consider various elements in determining whether a fabric pattern infringes upon a registered design, including the subject matter, shapes, colors, materials, and arrangement of the representations.  *L.A. Printex Indus.*, 676 F.3d at 849.

An objective comparison of GT 1058 and the accused pattern reveals a substantial similarity between the two patterns.  GT 1058 contains blue/violet, purple, green, and brown rectangular bars arranged directly adjacent to each other in a horizontal fashion.  The colors range in saturization from muted hues to stronger colors, all set against a near-black background.  The bar design almost appears to be dripping, as each bar is juxtaposed at different lengths from the adjacent bars.  *See* Figure 1.

/ / /

/ / /

/ / /

/ / /

**Figure 1**



Unicolors' Design GT1058 | SUSIE'S Accused Product

The accused pattern includes the same color, range of saturization, arrangement, background hue and contrast, and offset design. The photographs provided to the Court reveal that the accused pattern may include more deeply saturated colors, i.e., the colors appear brighter. But "it is not necessary that [the accused] design be 'virtually identical' to infringe." *Id.* at 851 (noting that stylized fabric designs are entitled to "broad" protection). The objective elements between the two works—including their general colors schemes—are in all other respects virtually identical.

The alleged infringement also satisfies the Ninth Circuit's intrinsic test. This test gauges whether "the total concept and feel of the two works is substantially similar" in the eyes of an ordinary, reasonable person. *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir. 1985). A quick view of both patterns reveals that the "concept and feel" are essentially the same.

The Court therefore finds that Susie's Deals has infringed upon Unicolors's valid copyright in GT 1058.

C. **Statutory damages**

Without the aid of discovery, Susie's Deals requests statutory damages under the Copyright Act. Under 17 U.S.C. § 504(c)(1), the court may award between $750 and $30,000. In exercising its "wide discretion," the court must consider the nature of

the copyright and the circumstances of the infringement. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232 (1952); *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998). An award of statutory damages serves both compensatory and punitive purposes. *Id.*

Unicolors requests $30,000 in statutory damages in order to compensate it for Susie's Deal's infringement and deter others like Defendant from committing similar infringement in the future.

The Court is mindful that Unicolors is presented with a situation where it cannot adequately assess the extent of Susie's Deals infringement, including Defendant's total sales dollars and units sold of the accused pattern. Unicolors also cannot establish the extent of the distribution network from which the shirt bearing the accused pattern originated.

But the only evidence of infringement Unicolors presented is the sale of one shirt at a discrete retail location. Congress has set a spectrum of statutory damages from $750 to $30,000 upon which the Court must place Susie's Deal's conduct while also considering compensatory and punitive goals. It is likely impossible to place an exact dollar figure on each act of infringement, but the Court finds that Susie's Deals infringement falls toward the lower end of the spectrum. Bearing in mind the punitive goal of § 504, the Court adjusts the damage award slightly upward. The Court accordingly awards Unicolors $5,000.00 in statutory damages.

**D.     Costs and attorneys' fees**

Under 17 U.S.C. § 505, the district court may also award costs and reasonable attorneys' fees. Unicolors seeks $205 in costs and $1,700 in attorneys' fees.

The Central District Local Rules provide a schedule for an attorneys'-fees award in default judgments. L.R. 55-3. The court may award a greater amount if the court determines that that amount is reasonable. *Id.*

The schedule provides that, for a $5,000 default-judgment award, the plaintiff is entitled to $300 plus 10 percent of the amount over $1,000. *See* L.R. 55-3. Here, that

calculation yields $700 in attorneys' fees.  Since Unicolors has not presented any supporting documentation regarding its attorneys' fees or otherwise supported its request for a greater fee amount, the Court awards $700.00 in reasonable attorneys' fees as well as $205.00 in costs.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Unicolors's Motion for Default Judgment and awards Unicolors a total amount of $5,905.00.  (ECF No. 19.) A default judgment will issue.

**IT IS SO ORDERED.**

November 25, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**